IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EVEREST NATIONAL INSURANCE COMPANY,
as subrogee of 273 Beacon Condo Trust
477 Martinsville Road
Liberty Corner, NJ 07938,

         Plaintiff,

    v.

JOHNSON PAINT COMPANY, INC.
355 Newbury Street
Boston, MA 02115,

and

DURABLE HARDWOOD FLOORS
21 James Street
Quincy, MA 02169,

         Defendants.

CIVIL ACTION NO.

10-12089

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Everest National Insurance Company, by and through its counsel, upon information and belief, hereby asserts, as follows:

## THE PARTIES

1. Plaintiff, Everest National Insurance Company [hereinafter "Everest"], is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Liberty Corner, New Jersey.

2. At all times material hereto, Plaintiff Everest was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3. Defendant, Johnson Paint Company, Inc. [hereinafter "Johnson"], is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Boston, Massachusetts.

4. Defendant, Durable Hardwood Floors [hereinafter "Durable"], is a company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Quincy, Massachusetts.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, 273 Beacon Condo Trust [hereinafter "273 Beacon"] owned the property located at 273 Beacon Street, Boston, Massachusetts [hereinafter "the property"].

8. At all times material hereto, Plaintiff Everest insured 273 Beacon's interests in the property.

9. Prior to April 29, 2010, Defendant Johnson mixed, distributed and/or sold stain [hereinafter "the stain"], in a container that did not have any warnings, and without providing any warnings.

10. Prior to April 29, 2010, Defendant Durable provided flooring services during a renovation of the property.

11. On or about April 29, 2010, Defendant Durable applied the stain supplied by Defendant Johnson at the property.

12. On or about April 29, 2010, a fire occurred at the property due to the spontaneous combustion of stain laden rags.

13. The fire caused severe and extensive damage and destruction to 273 Beacon's property.

14. Given the severe and extensive damage, 273 Beacon submitted a claim to Plaintiff Everest and, pursuant to the terms and conditions of its policy of insurance, Plaintiff Everest has paid an amount in excess of $75,000, representing the fair and reasonable value and cost of the resulting damage, as covered under the applicable policy.

15. To the extent of its payments, Plaintiff Everest is subrogated to the rights of 273 Beacon.

## COUNT I -- NEGLIGENCE
### Everest v. Johnson

16. Plaintiff incorporates the preceding allegations, by reference.

17. The fire and resulting damages sustained by 273 Beacon were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Defendant Johnson, acting by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

   (a) failing to exercise reasonable care in the mixture, sale, and/or distribution of the stain;

   (b) failing to provide proper and adequate warnings and instructions with the stain;

   (c) failing to recognize and warn of dangerous conditions;

   (d) failing to take the proper and necessary precautions to prevent a fire from occurring;

   (e) failing to properly and adequately train, instruct and/or inspect the work of its employees, agents and/or contractors;

   (f) otherwise causing or allowing the fire to occur; and/or

   (g) otherwise failing to exercise due care under the circumstances, as may be disclosed during the course of discovery.

18. By reason of the aforesaid negligent acts and omissions, 273 Beacon sustained severe and extensive damages.

WHEREFORE, Plaintiff Everest demands judgment against Defendant Johnson for an amount in excess of $75,000, together with interest, the costs of this action, and such other and further relief as the Court may award.

## COUNT II - BREACH OF WARRANTY
### Everest v. Johnson

19. Plaintiff incorporates the preceding allegations, by reference.

20. As set forth above, Defendant Johnson failed to provide a stain which was fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, distribution, warnings and/or instructions, which constitutes a breach of its express and implied obligations and warranties, thereby rendering Defendant Johnson strictly liable.

21. By reason of the aforesaid breaches of warranty, 273 Beacon sustained severe and extensive damages.

WHEREFORE, Plaintiff Everest demands judgment against Defendant Johnson for an amount in excess of $75,000, together with interest, the costs of this action, and such other and further relief as the Court may award.

## COUNT III – NEGLIGENCE
### Everest v. Durable

22. Plaintiff incorporates the preceding allegations, by reference.

23. The fire and resulting damages sustained by 273 Beacon were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Defendant Durable, acting by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

    (a)    failing to properly and safely utilize the stain;

    (b)    failing to properly and adequately train, instruct and/or inspect the work of its employees, agents and/or contractors;

    (c)    failing to properly dispose of dangerous materials;

(d) failing to take the proper and necessary precautions to prevent a fire from occurring;

(e) otherwise causing or allowing the fire to occur; and/or

(f) otherwise failing to exercise due care under the circumstances, as may be disclosed in the course of discovery.

WHEREFORE, Plaintiff Everest demands judgment against Defendant Durable for an amount in excess of $75,000, together with interest, the costs of this action, and such other and further relief as the Court may award.

Respectfully submitted,

/s/ Patrick J. Loftus, III
PATRICK J. LOFTUS, III (BBO# 303310)
9 Park Street - Suite 500
Boston, MA 02108
(617) 723-7770

CO-COUNSEL:
James P. Cullen, Jr. (BBO#675217)
Joseph F. Rich, Esquire
Cozen O'Connor
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4102